Daniel H. Silverman (*pro hac vice*)
dsilverman@cohenmilstein.com
**COHEN MILSTEIN SELLERS & TOLL PLLC**
769 Centre Street, Suite 207
Boston, MA 02130
Telephone: (202) 408-4600
*Counsel for Plaintiffs Don Copeland, Joseph Murray, Carol Smith, Patrick Whitney, Phillip Hague, Denise Fotis, Roxann Doriott, Bruce Mims, Lori Ably, Timothy Brown, Peter Costas, and Mike Ballard and Proposed Lead Counsel for Indirect Purchaser Class*

Sarah Grossman-Swenson (SBN 259792)
Kimberley C. Weber (SBN 302894)
**MCCRACKEN STEMERMAN & HOLSBERRY LLP**
475 14th Street, Suite 1200
Oakland, CA 94612
(415) 597-7200
sgs@msh.law
kweber@msh.law
*Local Counsel for Plaintiffs*
[Additional Counsel on Signature Page]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| DON COPELAND, JOSEPH MURRAY, CAROL SMITH, PATRICK WHITNEY, PHILLIP HAGUE, DENISE FOTIS, ROXANN DORIOTT, BRUCE MIMS, LORI ABLY, TIMOTHY BROWN, PETER COSTAS, and MIKE BALLARD, on behalf of themselves and those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ENERGIZER HOLDINGS, INC.; AND WAL-MART, INC.,<br><br>Defendants. | Case No: 4:23-cv-02087-HSG<br><br>**PLAINTIFFS' NOTICE OF MOTION TO APPOINT INTERIM LEAD CLASS COUNSEL PURSUANT TO FED. R. CIV. P. 23(g); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: July 6, 2023<br>Time: 2:00 p.m.<br>Courtroom: 2, 4th Floor<br>Judge: Hon. Haywood S. Gilliam, Jr. |

1

**NOTICE OF MOTION AND MOTION**

**TO ALL PARTIES AND THEIR ATTORNEY OF RECORD:**

PLEASE TAKE NOTICE that on July 6, 2023, at 2:00 p.m., or as soon thereafter as this motion may be heard, in the courtroom of the Hon. Haywood S. Gilliam, Jr. of the United States District Court of the Northern District of California, Oakland Division, located at 1301 Clay Street, Oakland, California, Plaintiffs will and hereby do move the Court pursuant to Federal Rule of Civil Procedure 23(g)(3) for an order appointing Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein") as interim lead class counsel for the proposed indirect purchaser plaintiff ("IPP") class in *Copeland, et al., v. Energizer Holdings, Inc., et al.*, No. 4:23-cv-02087-HSG.

The Motion is based on this Notice, the following Memorandum of Points and Authorities in support of the Motion, the Declaration of Daniel H. Silverman in support, as well as the pleadings on file and any other and such papers and argument submitted to the Court before or at hearing on the Motion.

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................. i

MEMORANDUM OF POINTS AND AUTHORITIES ..................................................................... 1

    I.      INTRODUCTION ................................................................................................... 1

    II.     BACKGROUND AND LEGAL STANDARD ...................................................... 2

    III.    ARGUMENT ............................................................................................................ 3

           1.      Cohen Milstein Has Done Original Work to Develop the Claims of Class Members. ................................................................................................ 4

           2.      Cohen Milstein Obtains Superior Results in Class Action Litigation. ............. 4

           3.      Cohen Milstein Has the Resources to Effectively Litigate this Case. .............. 7

           4.      Cohen Milstein Will Ensure Efficient Litigation of this Matter. ...................... 8

    IV.    CONCLUSION ........................................................................................................ 9

**TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Bartling v. Apple Inc.*,
  No. 5:18-cv-00147-EJD, 2018 WL 4804735 (N.D. Cal. Apr. 27, 2018) ..............................2, 3

*In re Broiler Chicken Antitrust Litig.*,
  No. 1:16-cv-08637 (N.D. Ill.) ........................................................................................5, 7

*City of Oakland v. Oakland Police & Fire Retirement System*,
  224 Cal. App. 4th 210 (Cal. Ct. App. 2014) ............................................................................ 9

*City of Oakland v. Oakland Police & Fire Retirement System*,
  29 Cal. App. 5th 688 (Cal. Ct. App. 2018) .............................................................................. 9

*Copeland v. Energizer Holdings, Inc.*,
  No. 4:23-cv-02087-HSG (N.D. Cal.) ....................................................................................... 2

*In re: Da Vinci Surgical Robot Antitrust Litig.*,
  No. 3:21-cv-03825-VC (N.D. Cal.) .......................................................................................... 3

*In re Dental Supplies Antitrust Litig.*,
  No. 1:16-cv-00696, (E.D.N.Y.) .......................................................................................5, 7, 9

*In re Domestic Drywall Antitrust Litig.*,
  No. 2:13-md-02437 (E.D. Pa.) .......................................................................................5, 6, 9

*Dukes v. Wal-Mart Stores, Inc.*,
  No. 3:01-CV-02252-CRB, 2015 WL 3623481 (N.D. Cal. June 10, 2015) ........................... 9

*In re: Elec. Books Antitrust Litig.*,
  No. 1:11-md-02293 (S.D.N.Y.) ............................................................................................... 5

*Ellis v. Costco Wholesale Corp.*,
  240 F.R.D. 627 (N.D. Cal. 2007) ............................................................................................ 9

*Ellis v. Costco Wholesale Corp.*,
  657 F.3d 970 (9th Cir. 2011) ................................................................................................... 9

*Ellis v. Costco Wholesale Corp.*,
  No. C04-3341 EMC, 2014 WL 12651574 (N.D. Cal. May 27, 2014) .................................. 9

*Good v. Am. Water Works Co.*,
  No. CIV.A 2:14-01374, 2014 WL 2481821 (S.D.W. Va. June 3, 2014) .............................. 2

*Gruma Corp. v. United Food & Commercial Workers Union, Local 99*,
  472 Fed. App'x 644 (9th Cir. 2012) ....................................................................................... 9

i

Motion for Appointment of
Interim Lead Class Counsel                                            Case No. 4:23-cv-02087-HSG

*In re: Int. Rate Swaps Antitrust Litig.*,
    No. 1:16-md-02704 (S.D.N.Y) ................................................................................ 6

*Jien v. Perdue Farms, Inc.*,
    No. 1:19-cv-02521 (D. Md.) .................................................................................... 7

*Le v. Zuffa, LLC*,
    No. 2:15-cv-01045 (D. Nev.) ............................................................................ 5, 6, 9

*Moehrl v. Nat'l Ass'n of Realtors*,
    No. 19-cv-01610, 2020 WL 5260511 (N.D. Ill. May 30, 2020) ............................. 4

*Moehrl v. Nat'l Ass'n of Realtors*,
    No. 1:19-cv-01610 (N.D. Ill.) ............................................................................. 6, 7

*Mohawk Gaming Enterprises LLC v. Light & Wonder Inc.*,
    AAA Case No. 01-20-0015-619 ............................................................................. 7

*Nitsch v. DreamWorks Animation SKG Inc.*,
    No. 14-CV-04062-LHK, 2017 WL 2423161 (N.D. Cal. June 5, 2017) ................. 6

*Parkinson v. Hyundai Motor Am.*,
    No. CV06-345AHS(MLGX), 2006 WL 2289801 (C.D. Cal. Aug. 7, 2006) .......... 3

*In re: Plasma-Derivative Protein Therapies Antitrust Litig.*,
    1:09-cv-07666 (N.D. Ill.) .................................................................................... 6, 7

*Portable Power, Inc. v. Energizer Holdings, Inc.*,
    No. 4:23-cv-02091-HSG (N.D. Cal.) ..................................................................... 1

*Schuman v. Energizer Holdings, Inc.*,
    No. 4:23-cv-02093-HSG (N.D. Cal.) ..................................................................... 1

*Smith v. State Farm Mut. Auto. Ins. Co.*,
    301 F.R.D. 284 (N.D. Ill. 2014) ............................................................................. 8

*UFCW & Emps. Benefit Trust v. Sutter Health*,
    No. CGC-14-538451 (Cal. Sup. Ct.) ................................................................... 5, 9

*In re: Urethane Antitrust Litig.*,
    No. 04-1616-JWL (D. Kan.) ............................................................................... 5, 7

*Yuen v. IDEXX Laboratories, Inc.*,
    No. 3:22-cv-04297-TLT (N.D. Cal.) ...................................................................... 3

**Other Authorities**

Fed. R. Civ. P. 23(g)(1)(A) ............................................................................................ 3, 4, 7

Fed. R. Civ. P. 23(g)(1)(B) ................................................................................................ 3, 8

Fed. R. Civ. P. 23(g)...................................................................................................... 1

Manual for Complex Litigation (Fourth) (2004) ........................................................... 2

iii

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.       INTRODUCTION**

The twelve named Plaintiffs[1] in this case respectfully move the Court to appoint Cohen Milstein as interim lead class counsel. Appointing interim lead class counsel now will ensure the effective representation of the proposed class and is warranted under Federal Rule of Civil Procedure 23(g).

Cohen Milstein has the experience, resources, and track record necessary to provide the class with the best possible representation. Cohen Milstein is one of the nation's most prominent plaintiff-side firms litigating complex antitrust cases, having successfully led myriad antitrust class actions, including many in this District. In this case, Cohen Milstein has worked diligently to develop the critical facts and investigate the law alongside three other law firms—Schneider Wallace Cottrell Konecky LLP, Berger Montague PC, and Gibbs Law Group LLP—that have filed related cases on behalf of direct purchasers of Energizer Battery Products (collectively referred to as the "Direct Purchaser Plaintiffs").[2] The close working relationship between Cohen Milstein and the firms representing Direct Purchaser Plaintiffs will promote efficiency and minimize duplication as these related cases proceed.

Appointing interim lead class counsel now is also vital to ensure that the proposed class has a coordinated approach to the many critical substantive issues that arise well before class certification—briefing motions to dismiss, negotiating a case schedule, and conducting the vast majority, if not all, discovery. During those crucial parts of the case, the class is entitled to experienced and competent counsel able to devote the substantial resources necessary to vigorously litigate the issues. Indeed, Energizer Holdings, Inc., and Walmart, Inc. ("Defendants") have already hired prominent law firms, and it appears that this case will be vigorously litigated from the outset. As interim lead class counsel,

---

[1] Plaintiffs are Don Copeland, Joseph Murray, Carol Smith, Patrick Whitney, Phillip Hague, Denise Fotis, Roxann Doriott, Bruce Mims, Lori Ably, Timothy Brown, Peter Costas, and Mike Ballard.

[2] The cases brought by direct purchasers are *Portable Power, Inc. v. Energizer Holdings, Inc.*, No. 4:23-cv-02091-HSG (N.D. Cal.), and *Schuman v. Energizer Holdings, Inc.*, No. 4:23-cv-02093-HSG (N.D. Cal.).

1

Cohen Milstein will ensure the case proceeds effectively and efficiently in the best interests of the class.

## II.       BACKGROUND AND LEGAL STANDARD

Cohen Milstein filed a Class Action Complaint on behalf of Plaintiffs on April 28, 2023, at the same time as the Direct Purchaser Plaintiffs. *See* Class Action Complaint ("Complaint"), *Copeland v. Energizer Holdings, Inc.*, No. 4:23-cv-02087-HSG (N.D. Cal. Apr. 28, 2023), ECF No. 1. Plaintiffs seek to serve as class representatives in this antitrust action brought on behalf of indirect purchasers who claim to have paid artificially inflated prices for Energizer Battery Products (the "Proposed Class"). *Id.* ¶ 12. Plaintiffs allege that Defendants Energizer and Walmart entered into an anticompetitive agreement to (1) inflate wholesale prices for Energizer Battery Products to purchasers other than Walmart and (2) prevent Energizer's wholesale customers from charging retail prices below Walmart's. *Id.* ¶ 8. Plaintiffs allege this scheme artificially inflated the prices Plaintiffs paid for Energizer Battery Products, in violation of federal and state antitrust laws and state consumer protection laws. *Id.* ¶¶ 141–517.

Rule 23(g)(3) provides that courts "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." *Bartling v. Apple Inc.*, No. 5:18-cv-00147-EJD, 2018 WL 4804735, at *1 (N.D. Cal. Apr. 27, 2018) (quoting Fed. R. Civ. P. 23(g)(3)). "[D]esignation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." Manual for Complex Litigation (Fourth) § 21.11 (2004).[3]

Given these benefits, courts frequently appoint interim class counsel in putative antitrust class actions, at least in part because antitrust class actions typically require extensive discovery and expert work well before class certification and, therefore, necessitate unified, competent, and court-authorized leadership from the outset. Indeed, appointing interim class counsel also gives *defendants*

---

[3] *See also Good v. Am. Water Works Co.*, No. CIV.A 2:14-01374, 2014 WL 2481821, at *3 (S.D.W. Va. June 3, 2014) ("The interim appointment may produce significant benefits in terms of coordinating the litigation in the pre-certification context.").

2

Motion for Appointment of
Interim Lead Class Counsel                                                                                  Case No. 4:23-cv-02087-HSG

comfort that, when they reach important agreements early in the case (regarding, *inter alia*, discovery, protective orders, confidentiality, scheduling, etc.), they are doing so with counsel who are authorized to represent the proposed class. It is therefore the norm in antitrust class actions in this District to appoint interim lead or co-lead counsel well before class certification. *See, e.g.*, Order Appointing Interim Co-Lead Class Counsel, *Yuen v. IDEXX Laboratories, Inc.*, No. 3:22-cv-04297-TLT (N.D. Cal. Sept. 26, 2022), ECF No. 52 (appointing interim co-lead class counsel team including Cohen Milstein); Order Appointing Interim Co-Lead Counsel, *In re: Da Vinci Surgical Robot Antitrust Litig.*, No. 3:21-cv-03825-VC (N.D. Cal. Sept. 24, 2021), ECF No. 54 (appointing interim class counsel team including Cohen Milstein).

When determining whether to appoint interim class counsel, courts typically apply the factors that govern appointing class counsel upon a grant of class certification. *See, e.g.*, *Bartling*, 2018 WL 4804735, at *1.[4] Those factors are: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A). Courts may also "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

### III.     ARGUMENT

Cohen Milstein satisfies the Rule 23 factors and is well suited to serve as interim lead class counsel. In particular, Cohen Milstein (1) worked alongside three other firms representing Direct Purchaser Plaintiffs to investigate the allegations in the Complaint and develop Plaintiffs' claims; (2) possesses specialized expertise in antitrust law, including cases involving both horizontal and vertical agreements, and has consistently achieved exceptional results in antitrust class actions; (3) will expend sufficient resources to litigate the case; (4) has associated with experienced local counsel in this District; and (5) will litigate the case efficiently on behalf of the proposed class.

---

[4] *See also Parkinson v. Hyundai Motor Am.*, No. CV06-345AHS(MLGX), 2006 WL 2289801, at *2 (C.D. Cal. Aug. 7, 2006).

### 1. Cohen Milstein Has Done Original Work to Develop the Claims of Class Members.

The first factor in determining interim class counsel is the work counsel has undertaken to identify and investigate potential claims in the action. *See* Fed. R. Civ. P. 23(g)(1)(A)(i). This factor strongly supports the appointment of Cohen Milstein, which has "already devoted substantial time and effort cooperatively investigating the matters alleged in the complaint." *Moehrl v. Nat'l Ass'n of Realtors*, ("*Moehrl*") No. 19-cv-01610, 2020 WL 5260511, at *2 (N.D. Ill. May 30, 2020) (appointing Cohen Milstein and other firms as interim co-lead class counsel). In particular, Cohen Milstein spent over five months investigating and developing this case alongside counsel for the Direct Purchaser Plaintiffs.

Cohen Milstein and counsel for the Direct Purchaser Plaintiffs are the only firms to have undertaken this investigative work. After completing its investigation, Cohen Milstein then scrutinized the strength of the legal claims of twelve named Plaintiffs, who collectively were harmed by Defendants' anticompetitive conduct in thirteen states accounting for approximately 63% percent of the population in the Repealer Jurisdictions covered by the Complaint. Compl. ¶ 13 (defining Repealer Jurisdictions). Only then did Cohen Milstein file the detailed Complaint alleging an unlawful and anticompetitive scheme in violation of the Sherman Act and the antitrust and consumer protection laws of several states.

### 2.     Cohen Milstein Obtains Superior Results in Class Action Litigation.

The proposed class should be represented by counsel that will get the best results. Fed. R. Civ. P. 23(g)(1)(A)(ii)-(iii) (court must consider "counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action," as well as "counsel's knowledge of the applicable law"). Cohen Milstein has a team of antitrust class action experts with a track record of success in similar cases. It is one of the oldest, largest, and most experienced firms dedicated primarily to the prosecution of class actions. *Forbes* has called Cohen Milstein a "class-action powerhouse," while *Inside Counsel* has dubbed Cohen Milstein "the most effective law firm in the United States for lawsuits with a strong social and political component."

Cohen Milstein's Antitrust Practice Group has achieved an impressive series of wins over the course of nearly five decades. *See* Silverman Decl., Ex. A (CMST Brochure). In *In re: Urethane*

*Antitrust Litig.*, Cohen Milstein secured the largest *ever* price-fixing jury verdict—$1.06 billion after trebling and offsets for pretrial settlements. Judge John W. Lungstrum commented: "In almost 25 years of service on the bench, this Court has not experienced a more remarkable result." No. 04-1616-JWL, 2016 WL 4060156, at *4 (D. Kan. July 29, 2016). Other recent successes for Cohen Milstein include *In re: Elec. Books Antitrust Litig.* ("*E-Books*"), No. 1:11-md-02293 (S.D.N.Y.) (more than $550 million in settlements); *In re Domestic Drywall Antitrust Litig.* ("*Domestic Drywall*"), No. 2:13-md-02437 (E.D. Pa.) ($190 million in settlements); and *In re Broiler Chicken Antitrust Litig.* ("*In re Broilers*"), No. 1:16-cv-08637 (N.D. Ill.) ($181 million in settlements). *The Legal 500* named Cohen Milstein a Leading Firm in Antitrust and Class Action Litigation in 2021 and 2022, and National Trial Lawyers named it "Antitrust Law Firm of the Year" in 2020.

In a fairness hearing in *In re Broilers*, the court praised the "exceptional outcome" achieved by co-lead counsel—including Cohen Milstein—noting that "the end-user class plaintiffs have recovered more from the settling defendants than any other class." Transcript of Proceedings at 10, 18, *In re Broilers*, No. 1:16-cv-08637 (N.D. Ill. Dec. 20, 2021), ECF No. 5315. Similarly, at a final approval hearing for *In re Dental Supplies Antitrust Litig.* ("*Dental Supplies*"), a price fixing case in which Cohen Milstein served as co-lead counsel, Judge Brian M. Cogan explained: "This is a substantial recovery that has the deterrent effect that class actions are supposed to have, and I think it was done because we had really good Plaintiffs' Lawyers in this case who were running it." Transcript of Civil Cause for Fairness Hearing at 22, *Dental Supplies*, No. 1:16-cv-00696, (E.D.N.Y. June 24, 2019), ECF No. 350. *See also Le v. Zuffa, LLC*, ("*Zuffa*"), No. 2:15-cv-01045 (D. Nev.) (Cohen Milstein serving as co-lead counsel representing MMA fighters and court stated it would grant class certification); *UFCW & Emps. Benefit Trust v. Sutter Health*, ("*Sutter Health Antitrust Litig.*"), No. CGC-14-538451 (Cal. Sup. Ct. Aug. 27, 2021) (Cohen Milstein was one of five firms that litigated against Sutter Health for restraining competition through anticompetitive contracting practices, and the court granted final approval of a $575 million eve-of-trial settlement).

The Cohen Milstein team also has substantial experience litigating complex antitrust class actions across the board. The team is composed of an experienced group of partners and associates, all of whom specialize in enforcing antitrust laws and have deep experience litigating antitrust class

actions. Cohen Milstein also has a strong commitment to diversity and the development of junior attorneys.

The Cohen Milstein attorneys principally responsible for this case are Daniel H. Silverman, Alison S. Deich, Richard A. Koffman, and Leonardo Chingcuanco.

**Daniel H. Silverman** is a partner in the Antitrust practice at Cohen Milstein and is highly regarded for his deep engagement with economic experts and for successfully shepherding cases through class certification. In 2022, *Law360* named him a "Rising Star - Antitrust," the only plaintiffs' lawyer to be so named, citing Mr. Silverman's keen interest in the dynamic interplay of economics, econometrics, and social science in driving antitrust law and economic justice. Mr. Silverman has played a crucial role in litigating several complex antitrust class actions, including *Domestic Drywall*; *In re: Plasma-Derivative Protein Therapies Antitrust Litig.*, 1:09-cv-07666 (N.D. Ill.) (Cohen Milstein, as co-lead counsel, obtained settlements totaling $128 million for conspiracy to reduce the supply and increase prices of life-saving therapies derived from blood plasma); and *Nitsch v. DreamWorks Animation SKG Inc.*, No. 14-CV-04062-LHK, 2017 WL 2423161, at *8 (N.D. Cal. June 5, 2017) (Cohen Milstein, as co-lead counsel, obtained total recovery of $168.95 million on behalf of class). He also currently serves as co-lead counsel in *In re: Int. Rate Swaps Antitrust Litig.*, No. 1:16-md-02704 (S.D.N.Y) (class action against several of the world's largest investment banks alleged to have colluded to crush competition in the trillion-dollar market for interest rate swaps), *Zuffa* (co-lead counsel on behalf of MMA fighters alleging that Zuffa LLC has unlawfully monopolized several MMA-related markets), and *Moehrl* (co-lead counsel in case alleging that real estate broker franchisors conspired to require home sellers to pay home buyer brokers fees at an inflated rate, and court recently certified two classes). Prior to joining the firm in 2012, Mr. Silverman served as the Executive Director of Legal Economics, LLC, supporting expert economic testimony in a variety of antitrust matters and providing him unique insight into the inner workings of expert testimony in antitrust matters.

**Alison S. Deich** is a partner in Cohen Milstein's antitrust group, where she litigates cutting-edge antitrust and civil rights cases. The National Law Journal recognized her as a 2023 Elite Trial Lawyers "Rising Star of the Plaintiffs Bar." Ms. Deich plays an integral role in several high-profile

antitrust cases where Cohen Milstein is co-lead counsel, including *Jien v. Perdue Farms, Inc.*, 1:19-cv-02521 (D. Md.) (Court has preliminarily approved $195.25 million in settlements (against a subset of Defendants) in case alleging that chicken and turkey producers conspired to suppress workers' wages) and *In re Broilers*. Before joining the firm in 2017, Ms. Deich clerked on the California Supreme Court, the United States District Court for the Southern District of New York, and the United States Court of Appeals for the District of Columbia Circuit.

**Richard A. Koffman** is a partner at Cohen Milstein and former Co-Chair of the Antitrust practice group. Mr. Koffman has repeatedly been recognized as one of the world's top plaintiffs' antitrust lawyers. Mr. Koffman is named in *Global Competition Review's* "Who's Who Legal: Thought Leaders – Competition 2022"—one of only 40 plaintiffs' antitrust attorneys in the United States to earn this distinction. Mr. Koffman has been named annually as one of the top plaintiffs' class action antitrust litigators in the United States by *The Legal 500* (since 2010) and to *Global Competition Review's* "Who's Who Legal: Competition" (since 2016), Lawdragon's 500 Leading Plaintiff Financial Lawyers (since 2019), and Washington, D.C. Super Lawyers (since 2020).

Mr. Koffman has served as court-appointed lead or co-lead counsel in many landmark antitrust class actions, including *In re Urethane,* which as noted above resulted in the largest price-fixing verdict in U.S. history. Mr. Koffman's other recent successes include *Dental Supplies* (obtaining $80 million settlement as co-lead counsel based on allegations that the three largest dental supply and dental equipment distributors in the United States fixed price margins on dental equipment, jointly pressured manufacturers to squeeze out competitors, and agreed not to "poach" employees) and *In re: Plasma-Derivative Protein Therapies Antitrust Litig.*

**Leonardo Chingcuanco** is an associate at Cohen Milstein, where he works on a variety of ongoing antitrust matters, including *Moehrl* and *Mohawk Gaming Enterprises LLC v. Light & Wonder Inc.*, AAA Case No. 01-20-0015-619. Previously, Mr. Chingcuanco was a law clerk for the Honorable Rosemary Collyer of the U.S. District Court for the District of Columbia.

3.     **Cohen Milstein Has the Resources to Effectively Litigate this Case.**

The final Rule 23(g) factor is whether counsel has sufficient resources to effectively represent the class. *See* Fed. R. Civ. P. 23(g)(1)(A)(iv). The Court must be satisfied that counsel "will commit

7

sufficient attorney time and financial resources to vigorously prosecute the putative class's claims." *Smith v. State Farm Mut. Auto. Ins. Co.*, 301 F.R.D. 284, 289 (N.D. Ill. 2014).

Cohen Milstein more than meets this standard. It is one of the most established and respected plaintiffs' firms in the country. The firm is well capitalized and possesses a robust investigatory and litigation team. Cohen Milstein has over one hundred attorneys and offices in eight cities across the United States. The firm consistently advances millions of dollars in litigation costs in matters of comparable size and complexity and will not seek any litigation funding to litigate this case.

Plaintiffs face a difficult and resource-intensive fight. There likely will be multiple expert reports, dozens of depositions, and the need to review, search through, and analyze the hundreds of thousands of documents that Defendants will produce. Cohen Milstein is prepared to assume the financial obligations required to litigate this case and will advance costs (and professional time) on a contingent basis through trial and any appeals. Cohen Milstein has shown the ability and willingness to spend the time and money, and to commit a roster of talented attorneys and capable professional staff, to litigate Plaintiffs' claims successfully to conclusion.

### 4. Cohen Milstein Will Ensure Efficient Litigation of this Matter.

Rule 23(g) states that a court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). Cohen Milstein will advocate for the proposed class efficiently and effectively. With the exception of limited assistance from competent local counsel, Cohen Milstein plans to litigate the Indirect Purchaser case largely by itself. As a result, a small number of attorneys will spend a large proportion of their time litigating this case, leading to deep institutional knowledge of the facts, and ensuring excessive attorney time is not billed and excessive costs are not incurred. This will prioritize the maximum possible recovery for the proposed class.

In addition, as discussed above, Cohen Milstein has already established a close working relationship with the law firms that have filed related cases on behalf of direct purchasers of Energizer Battery Products by coordinating its investigation of this case with them. *See* Silverman Decl. ¶ 2. Cohen Milstein will also work closely with local counsel at McCracken, Stemerman & Holsberry, LLP, with whom it has successfully litigated class action cases previously. *See, e.g.*, *Sutter Health*

8

*Antitrust Litig.*, *supra*, No. CGC-14-538451 (Cal. Sup. Ct. Aug. 27, 2021) (resulting in $575 million eve-of-trial settlement in antitrust class action).[5] Cohen Milstein intends to continue to work closely with those firms as the cases progress, which will further promote efficiency and reduce duplicative efforts among the cases wherever possible.

Cohen Milstein is uniquely positioned to work efficiently with counsel for Direct Purchasers because it has successfully served as co-lead counsel with many of the attorneys and law firms representing the Direct Purchaser Plaintiffs. *See, e.g.*, *Dental Supplies*, No. 1:16-cv-00696 (E.D.N.Y.) (Cohen Milstein and Berger Montague served as co-lead counsel and class recovered $80 million in settlements); *Domestic Drywall*, No. 2:13-md-02437 (E.D. Pa.) (Cohen Milstein and Berger Montague served as co-lead counsel and obtained $190 million in settlements); *Zuffa*, No. 2:15-cv-01045 (D. Nev.) (Cohen Milstein and Berger Montague part of co-lead counsel group and court stated it would grant class certification).

**IV.     CONCLUSION**

Plaintiffs respectfully request that the Court appoint Cohen Milstein as interim lead class counsel. A proposed order is attached.

---

[5] MSH Partner Sarah Grossman-Swenson is leading MSH's efforts as local counsel. She has represented employees, consumers, and employee benefit funds in a variety of cases, including antitrust class actions, discrimination cases, consumer rights cases, and employee class actions. She has served as counsel in trial and appellate courts and in numerous private arbitrations. *Northern California Super Lawyers* has selected her as a "Super Lawyer" each year since 2020, and as a "Rising Star" in each year from 2013-2018. Along with co-counsel, she was awarded a California Lawyer Attorney of the Year (CLAY) Award in 2022 by the *Daily Journal* for work in *UFCW & Employers Benefit Trust v. Sutter Health*, S.F. Superior Court Case No. CGC-14-538451, 241 Cal. App. 4th 909 (2015). She has served as trial and appellate counsel in a variety of other cases, including *City of Oakland v. Oakland Police & Fire Retirement System*, 224 Cal. App. 4th 210 (Cal. Ct. App. 2014) & 29 Cal. App. 5th 688 (Cal. Ct. App. 2018); *Gruma Corp. v. United Food & Commercial Workers Union, Local 99*, 472 Fed. App'x 644 (9th Cir. 2012); *Ellis v. Costco Wholesale Corp.*, 240 F.R.D. 627 (N.D. Cal. 2007), 657 F.3d 970 (9th Cir. 2011), No. C04-3341 EMC, 2014 WL 12651574 (N.D. Cal. May 27, 2014) (resulting in a court-approved class action settlement); and *Dukes v. Wal-Mart Stores, Inc.*, No. 3:01-CV-02252-CRB, 2015 WL 3623481 (N.D. Cal. June 10, 2015) (resulting in a confidential settlement). Grossman-Swenson was admitted to practice in California in 2008 after graduating earlier that year from University of California at Berkeley, School of Law, where she was a Co-Editor-in-Chief of the *Berkeley Journal of Employment and Labor Law*. She is a 2001 graduate of Stanford University, where she received an A.B. degree in History and was a President's Scholar and National Merit Scholar.

Dated: June 9, 2023              Respectfully submitted,

/s/ Daniel H. Silverman

Daniel H. Silverman (*pro hac vice*)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
769 Centre Street, Suite 207
Boston, MA 02130
Tel: (202) 408-4600
Fax: (202) 408-4699
dsilverman@cohenmilstein.com

Alison Deich (*pro hac vice*)
Richard Koffman (*pro hac vice*)
Leonardo Chingcuanco (*pro hac vice*) (SBN 308640)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Ave. NW, Suite 500
Washington, DC 20005
Tel: (202) 408-4600
Fax: (202) 408-4699
lchingcuanco@cohenmilstein.com

*Counsel for Plaintiffs Don Copeland, Joseph Murray, Carol Smith, Patrick Whitney, Phillip Hague, Denise Fotis, Roxann Doriott, Bruce Mims, Lori Ably, Timothy Brown, Peter Costas, and Mike Ballard and Proposed Lead Counsel for Indirect Purchaser Class*

Sarah Grossman-Swenson (SBN 259792)
Kimberley C. Weber (SBN 302894)
**MCCRACKEN STEMERMAN & HOLSBERRY LLP**
475 14th Street, Suite 1200
Oakland, CA 94612
(415) 597-7200
sgs@msh.law
kweber@msh.law

*Local Counsel for Plaintiffs*

**SIGNATURE ATTESTATION**

Pursuant to Northern District of California Civil Local Rule 5-1(h)(3), I attest that I have obtained the concurrence of any individual for whom a signature is indicated by /s/ on this document to file Plaintiffs' Notice and Motion to Appoint Interim Lead Class Counsel Pursuant to Fed. R. Civ. P. 23(g). I have records to support this concurrence for subsequent production for the Court, if necessary.

Dated: June 9, 2023                                   /s/ Daniel H. Silverman