**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| DON COPELAND, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ENERGIZER HOLDINGS, INC., et al.,<br><br>Defendants. | Case No:  4:23-cv-02087-HSG<br><br>**[PROPOSED] ORDER APPOINTING INTERIM LEAD CLASS COUNSEL** |

This matter came before the Court upon motion by Counsel for Plaintiffs.  Having read and considered all papers and argument presented to the Court, it is hereby ordered:

Counsel for Plaintiffs in this action alleging anticompetitive conduct by Defendants Energizer Holdings, Inc. and Wal-Mart, Inc. have proposed the appointment of interim lead class counsel to manage the litigation pending class certification proceedings. The complex substantive and procedural issues raised in this antitrust case warrant the appointment of interim lead class counsel. The proposal is fair, reasonable, and in the interest of the putative class, and the Court adopts it.

Thus, pursuant to Federal Rule of Civil Procedure 23(g)(3), the Court appoints Cohen Milstein Sellers & Toll PLLC as Interim Lead Class Counsel on behalf of the proposed class. While the factors in Rule 23(g)(1) are not, strictly speaking, applicable to interim counsel, they provide a useful framework to evaluate appointments. In that respect, the materials filed with the proposal indicate that Interim Lead Class Counsel has performed substantial work on behalf of the potential class, and has the knowledge, experience, and resources necessary to effectively represent the potential class.

**AUTHORITY AND RESPONSIBILITY**

1. Interim Lead Class Counsel has full authority to conduct all pretrial and trial work, including settlement discussions. Interim Lead Class Counsel has the final word on and responsibility for all common discovery issues, service of pleadings and filings, stipulations, briefs and arguments, court

1

1    hearings and appearances, communications with opposing counsel and the Court, expert retention and

2    reports, trial and appeals arising in the course of litigation before this Court, as well as work

3    assignments, billing records and fee issues, and overall case strategy, scheduling, and management for

4    the putative indirect purchaser class. Opposing counsel may rely on the conduct and representations

5    of Interim Lead Class Counsel for any issue in the litigation.

6         2. Interim Lead Class Counsel has full authority over, and responsibility for: (1) assigning

7    work to other plaintiffs' counsel, as may be appropriate and in the putative class's best interest; (2)

8    implementing time and expense record-keeping policies; (3) collecting time and expense reports from

9    all plaintiffs' counsel on a monthly basis; (4) acting as the treasurer for any litigation fund assessments

10   and expenses; and (5) otherwise ensuring that any work done by plaintiffs' counsel in this matter which

11   includes, but is not limited to, common benefit work, read and review time, or attending depositions

12   or hearings, is authorized by Interim Lead Class Counsel.

13        3. Interim Lead Class Counsel will be vigilant in ensuring the efficient and economical

14   prosecution of this matter. A request for an award of fees and costs may be based only on records that

15   were prepared as the fees and costs were incurred.

16

17

18   **IT IS SO ORDERED.**

19

20   Dated this __ day of June, 2023

21

22                                             _____
                                               HON. HAYWOOD S. GILLIAM, JR.
                                               United States District Judge

23

24

25

26

27

28

Proposed Order Appointing
Interim Lead Class Counsel                                          No. 4:23-cv-02087-HSG