1   LATHAM & WATKINS LLP
    Christopher S. Yates (Bar No. 161273)
2       *chris.yates@lw.com*
    Belinda S Lee (Bar No. 199635)
3       *belinda.lee@lw.com*
    Brendan A. McShane (Bar No. 227501)
4       *brendan.mcshane@lw.com*
    Alicia R. Jovais (Bar No. 296172)
5       *alicia.jovais@lw.com*
    505 Montgomery Street, Suite 2000
6   San Francisco, California  94111-6538
    Telephone:  +1.415.391.0600
7
    Lawrence E. Buterman (*pro hac vice pending*)
8       *lawrence.buterman@lw.com*
    1271 Avenue of the Americas
9   New York, NY 10020
    Telephone:  +1.212.906.1747
10
    *Attorneys for Defendant Walmart, Inc.*
11

12
                    **UNITED STATES DISTRICT COURT**
13
                  **NORTHERN DISTRICT OF CALIFORNIA**
14
                         **OAKLAND DIVISION**
15

16
    DON COPELAND, JOSEPH MURRAY,          Case No. 4:23-cv-02087-HSG
17  CAROL SMITH, PATRICK WHITNEY,
    PHILLIP HAGUE, DENISE FOTIS,          **DEFENDANT WALMART, INC.'S**
18  ROXANN DORIOTT, BRUCE MIMS,           **OPPOSITION TO PLAINTIFFS' MOTION**
    LORI ABLY, TIMOTHY BROWN, PETER       **TO APPOINT INTERIM LEAD CLASS**
19  COSTAS, AND MIKE BALLARD, on          **COUNSEL**
    behalf of themselves and those similarly
20  situated,
                                          Hearing Date:    September 7, 2023
21                     Plaintiffs,        Time:            2:00 PM
                                          Location:        Courtroom 2, 4th Floor
22       v.                               Judge:           Judge Haywood S. Gilliam Jr.

23  ENERGIZER HOLDINGS, INC.; AND
    WAL-MART, INC.,
24
                       Defendants.
25

26

27

28

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFS.' OPP'N TO MOT. TO APPOINT
INTERIM LEAD CLASS COUNSEL
CASE NO. 4:23-CV-02087-HSG

Counsel for a putative class of indirect purchasers of Energizer batteries ask the Court to appoint them lead counsel.  Plaintiffs' motion is unnecessary and should be denied.

Pursuant to Federal Rule of Civil Procedure 23(g)(3), the Court "may designate interim counsel to act on behalf of a putative class" before certification "if necessary to protect the interests of the putative class." *In re Nissan N. Am., Inc. Litig.*, No. 18-CV-07292-HSG, 2019 WL 4601557, at *2 (N.D. Cal. Sept. 23, 2019) (Gilliam, J.) (quoting *Wang v. OCZ Tech. Grp., Inc.*, No. C 11-01415 PSG, 2011 WL 13156817, at *2 (N.D. Cal. June 29, 2011)).  The "typical situation[s] requiring appointment of interim class counsel" are "where a large number of putative class actions have been consolidated … in a single court," where "a gaggle of law firms [are] jockeying to be appointed class counsel," and where there is "rivalry between … firms" or "uncertainty as to their respective roles." *In re Nest Labs Litig.*, No. 14-cv-01363-BLF, 2014 WL 12878556, at *1-2 (N.D. Cal. Aug. 18, 2014) (citations omitted).

None of those situations are present here.  Three cases have been filed in this District, but the complaints allege different putative classes.  Plaintiffs' counsel here is the only firm seeking to represent indirect purchasers in this Court.  There is also "no rivalry between the firms or signs that a rivalry exists: instead, the firms have already demonstrated their ability to cooperate and work together." *In re Nissan*, 2019 WL 4601557, at *2; *see* Mot. at 8 (Plaintiffs' counsel has "a close working relationship with the law firms that have filed related cases").  Indeed, the substantive allegations in the complaints are identical, and the cases were filed in a coordinated fashion. *See* Mot. at 2 (Plaintiffs filed "at the same time as the Direct Purchaser Plaintiffs").[1]

Where, as here, "there are no competing lawsuits or firms, courts in this district have been unwilling to appoint interim class counsel." *In re Seagate Tech. LLC Litig.*, No. 16-CV-00523-RMW, 2016 WL 3401989, at *3 (N.D. Cal. June 21, 2016) (collecting cases); *see also, e.g.*, *In re Nissan*, 2019 WL 4601557, at *2 (Gilliam, J.) (denying motion to appoint interim class counsel because "[i]t is not necessary to appoint interim class counsel merely to maintain the status quo"

---

[1] Notably, counsel for neither of the putative direct purchaser classes have moved to appoint interim counsel—underscoring that appointment of lead counsel is not "necessary at this stage to protect the interests of the putative class." *In re S.C. Johnson & Son, Inc. Windex Non-Toxic Litig.*, No. 20-CV-03184-HSG, 2020 WL 6081722, at *1 (N.D. Cal. Oct. 15, 2020) (Gilliam, J.).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

DEFS.' OPP'N TO MOT. TO APPOINT
INTERIM LEAD CLASS COUNSEL
CASE NO. 4:23-CV-02087-HSG

1  (internal quotation marks omitted)); *In re S.C. Johnson & Son*, 2020 WL 6081722, at *1 (Gilliam,

2  J.) (denying motion to appoint interim class counsel where appointment was "not necessary to

3  address any live conflict among counsel or to clarify their respective roles in the litigation").

4        Plaintiffs' unpublished cases do not support a different result.  *See* Mot. at 2-3.  The

5  motions at issue in *In re: Da Vinci Surgical Robot Antitrust Litig.* and *Yuen v. IDEXX Labs., Inc.*

6  were unopposed.  *See* Unopposed Mot. for Appointment of Interim Co-Lead Couns., *In re: Da*

7  *Vinci Surgical Robot Antitrust Litig.*, No. 3:21-cv-03825-VC (N.D. Cal. Aug. 27, 2021), ECF No.

8  50; Unopposed Mot. to Appoint Interim Co-Lead Class Couns., No. 3:22-cv-04297-TLT (N.D.

9  Cal. Aug. 22, 2022), ECF No. 32; *see also In re Seagate*, 2016 WL 3401989, at *3 (plaintiffs'

10  cases were distinguishable because "the motion to appoint interim lead counsel was unopposed").

11       The Court should deny Plaintiffs' motion and "wait to consider the adequacy of

12  representation and appointment of class counsel" if and when Plaintiffs seek class certification and

13  the Court has the benefit of the parties' full briefing under Rule 23.  *See Evans v. ZB, N.A.*, No.

14  2:17-CV-01123-WBS-DB, 2020 WL 6526245, at *2 (E.D. Cal. Nov. 5, 2020).

15  Dated:  June 23, 2023                          Respectfully submitted,

16                                                 LATHAM & WATKINS LLP

17

18                                      By:   */s/ Christopher S. Yates*

19                                             Christopher S. Yates
                                                 *chris.yates@lw.com*
20                                             Belinda S Lee (Bar No. 199635)
                                                 *belinda.lee@lw.com*
21                                             Brendan A. McShane (Bar No. 227501)
                                                 *brendan.mcshane@lw.com*
22                                             Alicia R. Jovais (Bar No. 296172)
                                                 *alicia.jovais@lw.com*
23                                             505 Montgomery Street, Suite 2000
                                               San Francisco, California  94111-6538
                                               Telephone: +1.415.391.0600
24
                                               Lawrence E. Buterman (*pro hac vice*
25                                             *pending*)
                                                 *lawrence.buterman@lw.com*
26                                             1271 Avenue of the Americas
                                               New York, NY 10020
27                                             Telephone: +1.212.906.1747

28                                             *Attorneys for Defendant Walmart, Inc.*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DEFS.' OPP'N TO MOT. TO APPOINT
INTERIM LEAD CLASS COUNSEL
CASE NO. 4:23-CV-02087-HSG