Daniel H. Silverman (*pro hac vice*)
dsilverman@cohenmilstein.com
**COHEN MILSTEIN SELLERS & TOLL PLLC**
769 Centre Street, Suite 207
Boston, MA 02130
Telephone: (202) 408-4600
*Counsel for Plaintiffs Don Copeland, Joseph Murray, Carol Smith, Patrick Whitney, Phillip Hague, Denise Fotis, Roxann Doriott, Bruce Mims, Lori Ably, Timothy Brown, Peter Costas, and Mike Ballard and Proposed Lead Counsel for Indirect Purchaser Class*

Sarah Grossman-Swenson (SBN 259792)
Kimberley C. Weber (SBN 302894)
**MCCRACKEN STEMERMAN & HOLSBERRY LLP**
475 14th Street, Suite 1200
Oakland, CA 94612
(415) 597-7200
sgs@msh.law
kweber@msh.law
*Local Counsel for Plaintiffs*
*[Additional Counsel on Signature Page]*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| DON COPELAND, JOSEPH MURRAY, CAROL SMITH, PATRICK WHITNEY, PHILLIP HAGUE, DENISE FOTIS, ROXANN DORIOTT, BRUCE MIMS, LORI ABLY, TIMOTHY BROWN, PETER COSTAS, and MIKE BALLARD, on behalf of themselves and those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ENERGIZER HOLDINGS, INC.; AND WAL-MART, INC.,<br><br>Defendants. | Case No: 4:23-cv-02087-HSG<br><br>**PLAINTIFFS' REPLY BRIEF IN FURTHER SUPOPRT OF MOTION TO APPOINT INTERIM LEAD CLASS COUNSEL PURSUANT TO FED. R. CIV. P. 23(G)**<br><br>Date: Sept. 7, 2023<br>Time: 2:00 p.m.<br>Courtroom: 2, 4th Floor<br>Judge: Hon. Haywood S. Gilliam, Jr. |

1

This is a complex antitrust case with multiple defendants, consisting of three different class action cases that have already been consolidated by the Court. Because the putative class will be best served by establishing a clear leadership structure at the start of the litigation, Plaintiffs move the court to appoint Cohen, Milstein, Sellers & Toll PLLC (Cohen Milstein) interim class counsel for the Indirect Purchaser Plaintiff ("IPP") class.

Defendant Walmart, Inc. ("Walmart") opposes Plaintiffs motion primarily on the grounds that no competing actions are currently pending in this court. But courts often appoint interim lead counsel in exactly these circumstances where there is no active rivalry between different law firms seeking to represent the same class. *See, e.g.*, Order Appointing Interim Co-Lead Class Couns., *Yuen v. IDEXX Laboratories, Inc.*, No. 3:22-cv-04297-TLT (N.D. Cal. Sept. 26, 2022), ECF No. 52 (appointing interim co-lead class counsel team including Cohen Milstein where no competing actions were filed); Order Appointing Interim Co-Lead Couns., *In re: Da Vinci Surgical Robot Antitrust Litig.*, No. 3:21-cv-03825-VC (N.D. Cal. Sept. 24, 2021), ECF No. 54 (appointing interim class counsel team including Cohen Milstein where no competing actions were filed); Order Granting Pls.' Unopposed Mot. for Appointment of Interim Co-Lead Class Couns., *Albert v. Glob. Tel*Link Corp.*, No. 8:20-cv-01936-LKG (D. Md. Sept. 24, 2020), ECF No. 58; Order Granting Pls.' Unopposed Mot. for Appointment of Interim Co-Lead Class Couns., *Brown v. JBS USA Food Co.*, No. 1:22-cv-02946 (D. Colo. Jan. 9, 2023), ECF No. 128; Order Granting Pls.' Unopposed Mot. for Consolidation of Related Actions and for Appointment of Interim Co-Lead Class Couns., *Jien v. Perdue Farms, Inc.*, No. 1:19-CV-2521 (D. Md. Oct. 8, 2019), ECF No. 75.

Walmart attempts to distinguish such cases only on the basis that it opposes appointment of interim class counsel here, whereas the motions in *Yuen* and *Da Vinci* were unopposed. But the Rule 23 Advisory Committee note makes clear that the prevailing consideration in appointing interim class counsel is "to protect the interests of the putative class." *Wang v. OCZ Tech. Grp., Inc.*, No. C 11-01415 PSG, 2011 WL 13156817, at *2 (N.D. Cal. June 29, 2011) (quoting Fed. R. Civ. P. 23(g)(2)(A) Advisory Comm. Notes on 2003 Amends.). The arguments in favor of appointing interim class counsel to protect the interests of the class in those cases apply with equal force here. Walmart's opposition only further highlights that this case will be vigorously litigated by defense

counsel before class certification is decided, which may not be for several years.

Before then, Plaintiffs and Defendants will have to negotiate and complete most if not all discovery in a massively complex antitrust class action. Just a few of the tasks that counsel will need to perform before class certification include negotiating a discovery schedule, a protective order, an ESI stipulation, document discovery and deposition limits, and countless other tasks. Judicial efficiency and the interests of the class will be greatly served by providing certainty to all parties that the resources spent resolving those complicated issues will not be wasted and the results upended if another law firm files a case seeking to represent the same class of plaintiffs. Indeed, Cohen Milstein has already entered into negotiations with counsel for Defendants and the other plaintiffs regarding consolidating motion to dismiss briefing. Absent an appointment of interim lead class counsel, any agreements reached through such negotiations could be upended if a follow-on case is filed by a different law firm seeking to represent an overlapping class.

And unlike in the cases cited by Walmart, the possibility of another law firm filing a "tag-along" lawsuit seeking to represent an overlapping class is far from remote. Indeed, a case making nearly identical allegations was filed shortly after this one in the Eastern District of New York by a different law firm seeking to represent a subset of the same IPP class alleged here. Class Action Compl., *Gerber v. Energizer Holdings, Inc.*, No. 1:23-cv-03294 (E.D.N.Y. May 1, 2023), ECF No. 1.[1] This distinguishes this case from those cited by Walmart. *See In re Nest Labs Litig.*, No. 14-cv-01363-BLF, 2014 WL 12878556, at *1 (N.D. Cal. Aug. 18, 2014) ("[t]hough Plaintiffs allude to potential other "tag-along" lawsuit on the horizon, they have not identified any complaints actually filed."); *In re Seagate Tech. LLC Litig.*, No. 16-cv-00523-RMW, 2016 WL 3401989, at *4 (N.D. Cal. June 21, 2016) ("the possibility of tag-a-long lawsuits and competing firms in the future … appear speculative at best."); *In re Nissan N. Am., Inc. Litig.*, No. 18-cv-07292-HSG, 2019 WL 4601557, at *2 (N.D. Cal. Sept. 23, 2019) (Gilliam, J.) (citing *Seagate*).

Given the significant likelihood of future "competing lawsuits or firms" during the period of

---

[1] This case was later voluntarily dismissed, but the fact that it was actually filed in the first place indicates that the possibility of additional cases being filed seeking to represent the same or an overlapping IPP class is not speculative.

time before class certification, the interests of the IPP class would be best served by appointing Cohen Milstein interim lead class counsel now.

Dated: June 30, 2023                Respectfully submitted,

/s/ Daniel H. Silverman

Daniel H. Silverman (*pro hac vice*)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
769 Centre Street, Suite 207
Boston, MA 02130
Tel: (202) 408-4600
Fax: (202) 408-4699
dsilverman@cohenmilstein.com

Alison Deich (*pro hac vice*)
Richard Koffman (*pro hac vice*)
Leonardo Chingcuanco (*pro hac vice*) (SBN 308640)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Ave. NW, Suite 500
Washington, DC 20005
Tel: (202) 408-4600
Fax: (202) 408-4699
lchingcuanco@cohenmilstein.com

*Counsel for Plaintiffs Don Copeland, Joseph Murray, Carol Smith, Patrick Whitney, Phillip Hague, Denise Fotis, Roxann Doriott, Bruce Mims, Lori Ably, Timothy Brown, Peter Costas, and Mike Ballard and Proposed Lead Counsel for Indirect Purchaser Class*

Sarah Grossman-Swenson (SBN 259792)
Kimberley C. Weber (SBN 302894)
**MCCRACKEN STEMERMAN & HOLSBERRY LLP**
475 14th Street, Suite 1200
Oakland, CA 94612
(415) 597-7200
sgs@msh.law
kweber@msh.law

*Local Counsel for Plaintiffs*

**SIGNATURE ATTESTATION**

Pursuant to Northern District of California Civil Local Rule 5-1(h)(3), I attest that I have obtained the concurrence of any individual for whom a signature is indicated by /s/ on this document to file Plaintiffs' Reply Brief in Further Support of Motion to Appoint Interim Lead Class Counsel Pursuant to Fed. R. Civ. P. 23(g). I have records to support this concurrence for subsequent production for the Court, if necessary.

Dated: June 30, 2023                    /s/ Daniel H. Silverman
                                        Daniel H. Silverman