UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DON COPELAND, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ENERGIZER HOLDINGS, INC., et al.,<br><br>Defendants. | Case Nos.  23-cv-02087-PCP; 23-cv-02091-PCP; 23-cv-02093-PCP<br><br>**SCHEDULING ORDER**<br><br>Re: Dkt. No. 17 |

Plaintiffs move for relief from the Court's scheduling order under Federal Rule of Civil Procedure 16. After taking the briefs under submission and in light of the parties' agreement that an extension is necessary, the Court is satisfied that Rule 16's good cause standard has been met. As the parties highlight, the volume of data relevant to class certification, coupled with delays in discovery, render achieving the deadlines set out in the current scheduling order improbable, if not impossible. The Court therefore grants plaintiffs' motion for relief from the existing case schedule.

Although the parties agree that an extension is necessary, they disagree as to the length and form such an extension should take. Plaintiffs propose extending class certification by 11 months and leaving all other deadlines in place. This would place the hearing and ruling on class certification after the completion of all expert discovery, an approach that plaintiffs previously proposed and the Court rejected. At that time, the Court expressed concern that this approach would prevent the parties from targeting their expert testimony to the class that has actually been certified (if any). Plaintiffs have not alleviated those concerns in their subsequent briefing.

Defendants propose extending all deadlines in the case by six months. But plaintiffs' expert has stated that she would need most of 2025 to analyze the relevant data. A six-month extension would require plaintiffs to file for class certification in August 2025, a deadline that

1   would not afford plaintiffs sufficient time to complete their analysis.

2        As an alternative, both parties propose an eleven-month extension to all deadlines.
3   Although the Court prefers to extend all deadlines in tandem (as defendants suggest), a nearly one-
4   year extension runs counter to the requirement that the Court consider class certification "[a]t an
5   early practicable time" Fed. R. Civ. P. 23(c).

6        In light of the competing proposals and the need to move the case forward, the Court will
7   extend all deadlines by nine months. Defendants have stated their intention to turn over all data by
8   the end of 2024. Assuming they do so, a nine-month extension should provide plaintiffs sufficient
9   time to clean and analyze that data prior to filing for class certification. The Court does not expect
10  to grant any further extensions to this schedule absent a compelling showing of good cause. That
11  said, if plaintiffs can demonstrate that it is impossible to meet the new class certification deadline
12  due to defendants' delay in producing data, the Court will consider extending the class
13  certification deadline without extending other deadlines.

14       The case schedule is therefore amended as follows:

| DEADLINE | PRIOR DEADLINE | NEW DEADLINE |
| --- | --- | --- |
| Class certification motion | February 28, 2025 | November 21, 2025 |
| Class certification opposition | May 28, 2025 | February 20, 2026 |
| Class certification reply | July 23, 2025 | April 17, 2026 |
| Class certification hearing | August 21, 2025 | May 21, 2026 |
| Last day to complete ADR | One month after ruling on class certification | |
| Close of fact discovery | November 24, 2025 | August 24, 2026 |
| Expert reports on merits and damages under Rule 26(a)(2) for issues where that party bears the burden of proof | January 9, 2026 | October 9, 2026 |
| Rebuttal expert reports on merits and damages under Rule 26(a)(2) | March 20, 2026 | December 21, 2026 |
| Close of expert discovery | June 5, 2026 | March 5, 2027 |

2

| | | |
|---|---|---|
| Deadline for parties to meet and confer and submit a stipulation and proposed order regarding a briefing schedule for motions for summary judgment and any *Daubert* motions pursuant to Section IX.D. of the Court's Standing Order | June 26, 2026 | March 26, 2027 |
| Deadline for summary judgment/*Daubert* motions | August 7, 2026 | May 7, 2027 |
| Summary judgment/*Daubert* motions hearing | January 28, 2027 | October 28, 2027 |
| Final pretrial conference | May 25, 2027 | February 22, 2028 |
| Trial | June 28, 2027 | March 27, 2028 |

**IT IS SO ORDERED.**

Dated: November 1, 2024

_____
P. Casey Pitts
United States District Judge

3