UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DON COPELAND, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>ENERGIZER HOLDINGS, INC., et al.,<br><br>    Defendants. | Case No. 23-cv-02087-PCP (SVK)<br><br>**ORDER RE DISCOVERY DISPUTE: INTERROGATORY NO. 6**<br><br>Re: Dkt. No. 132 |
| PORTABLE POWER, INC., et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>ENERGIZER HOLDINGS, INC., et al.,<br><br>    Defendants. | Case No. 23-cv-02091-PCP (SVK)<br><br>Re: Dkt. No. 111 |
| KIMBERLY SCHUMAN, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>ENERGIZER HOLDINGS, INC., et al.,<br><br>    Defendants. | Case No. 23-cv-02093-PCP (SVK)<br><br>Re: Dkt. No. 108 |

Before the Court is the Parties'[1] Joint Submission regarding Defendant Energizer Holdings, Inc.'s response to Interrogatory no. 6, which seeks information regarding litigation holds. The Court has considered the background of this litigation, the nature of the dispute and the relevant law, including the parameters of relevance and proportionality of Federal Rule of Civil Procedure 26, and determines that this matter may be resolved without oral argument. Civ. L.R. 7-1(b). The Court's ruling and reasoning is set forth in Attachment A hereto.

**SO ORDERED.**

Dated: October 20, 2025

*[signature]*
SUSAN VAN KEULEN
United States Magistrate Judge

---

[1] Plaintiffs Don Copeland, *et al.*, Kimberly Schuman and Kyle Kelley, and Portable Power, Inc. and Global Exports U.S.A., Inc. filed in each of their respective cases identical Joint Submissions bearing the captions of all three of their cases. *See* Case No. 23-cv-02087-PCP (SVK), Dkt. 132; Case No. 23-cv-02091-PCP (SVK), Dkt. 111; Case No. 23-cv-02093-PCP (SVK), Dkt. 108, respectively. The interrogatories at issue, Interrogatory no. 6 in each case, are identical, as are Defendant's responses thereto and the proposed compromises. *See* Exhibits A to *id.* Accordingly:
   "Plaintiffs" refers to all plaintiffs, as set forth in footnote 1 to the disputes;
   the term "this Litigation" in Attachment A shall have the meaning for each case as in the definitions to the interrogatory as served in that case; and
   this Order resolves the disputes in each of the above-captioned actions.

# ATTACHMENT A

| Disputed Request | Response | Plaintiffs' Proposed Compromise | Energizer's Proposed Compromise | Court Order |
|---|---|---|---|---|
| For all litigation hold(s) issued in relation to the work of Project Atlas or Project Hermes, including but not limited to all litigation hold(s) issued in relation to This Litigation, identify:<br><br>a. The dates that You issued litigation holds for past and current Energizer employees;<br><br>b. The dates of ESI preserved pursuant to litigation holds;<br><br>c. The types and sources of ESI preserved; | **RESPONSE TO INTERROGATORY NO. 6:**<br>  Energizer incorporates its General Objections, Objections to Definitions, and Objections to Instructions above as if set forth fully herein. Energizer objects to this Interrogatory as overbroad, unduly burdensome, vague, ambiguous, and seeking information that is neither relevant nor proportional to the litigation to the extent it asks Energizer to identify "all litigation hold(s) issued in relation to the work of Project Atlas or Project Hermes" even if not "in relation to This Litigation." Energizer further objects to this Interrogatory as overbroad, unduly burdensome, vague, and ambiguous to the extent it seeks information related to the "work of Project Atlas and Project Hermes," as the phrase "work of" is undefined and subject to multiple interpretations. Energizer also objects to this Interrogatory to the extent it relies on the definitions of "Project Atlas" and "Project Hermes," to which Energizer has separately objected. Energizer further objects to this Interrogatory to the extent it seeks information protected by any applicable privilege, including, but not limited to, the attorney-client privilege, the | Plaintiffs propose that Energizer provide verified supplemental responses to Interrogatory No. 6 providing the requested information regarding litigation holds as to the following twelve Proposed Custodians: Carissa Ratermann, Erin Schocklee, Jacob Zipfel, James K. Bayer, Joel Handler, John Castillo, Mandy Iswarienko, Mike Corwin, Teresa Wickenhause, Todd Schroeder, Mark J. Swedberg, and Colby Mowery. | Energizer maintains that it has already provided Plaintiffs with all of the information to which they are entitled. The additional information they seek goes beyond what they are entitled to discover. | **GRANTED IN PART and DENIED IN PART as follows:**<br><br>**No later than October 30, 2025**, Energizer is to provide a **verified** interrogatory response identifying:<br>All litigation holds relating to this Litigation, providing the date the hold issued and, for each hold, the name, job title and dates of employment of each recipient of the hold as well anyone else subject to the hold. It must be clear from the response which employees are subject to which holds.<br><br>Plaintiffs' requests directed to litigation holds that relate to internal projects or programs without regard for litigation or which |

| | | | | |
|---|---|---|---|---|
| d. The names, job titles, and dates of employment of the recipients of litigation hold notices; and<br><br>e. What litigation or claim the holds relate to. | work product doctrine or immunity, and any other applicable privilege, immunity, or exemption from discovery.<br>      Subject to and without waiving the foregoing objections, Energizer is willing to meet and confer with Plaintiffs regarding this Interrogatory.<br>**FIRST SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6:**<br>      Energizer incorporates by reference its General and Specific Objections to Interrogatory No. 6. Energizer also objects to this interrogatory to the extent that it seeks irrelevant information, including concerning litigation holds unrelated to these Actions. Energizer further objects to this interrogatory to the extent it seeks information regarding the contents of litigation holds it issued, which is protected by the attorney-client and attorney work product privileges.<br>      Subject to and without waiver of the foregoing general and specific objections, Energizer responds that it issued litigation hold notices related to these Actions on May 4, 2023, which Energizer amended on February 14, 2024 and April 23, 2024. Energizer also issued an amended litigation hold on December 20, 2023 related to *Carlberg et al. v. Energizer Holdings, Inc.*, Case No. 23CA-CC00100 (filed May 11, 2023 in the | | | relate to other litigation generally are vague and overbroad and as such are not proportional to the needs of the case.<br><br>Plaintiffs' requests directed to ESI in the specific context of the content of litigation holds are overbroad and likely to call for privileged information. However, Plaintiffs are entitled to know the dates and scope of ESI preservation and may seek that information without regard to the content of litigation holds through separate means of discovery.<br><br>Regarding the two former employees for whom Defendant discovered documents but determined that they are not proper custodians in this Litigation, **no later than October 30, 2025** the Parties are to meet and confer |

| | | | | |
|---|---|---|---|---|
| | Judicial Circuit Court of Cass County, MO).<br>**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6:**<br>    Energizer incorporates by reference its General and Specific Objections to Interrogatory No. 6. Energizer also objects to this interrogatory to the extent that it seeks irrelevant information, including concerning litigation holds unrelated to these Actions. Energizer further objects to this interrogatory to the extent it seeks information regarding the contents of litigation holds it issued, which is protected by the attorney-client and attorney work product privileges.<br>    Subject to and without waiver of the foregoing general and specific objections, Energizer responds that it issued litigation hold notices related to these Actions on May 4, 2023, which Energizer amended on February 14, 2024 and April 23, 2024. Energizer also issued an amended litigation hold on December 20, 2023 related to *Carlberg et al. v. Energizer Holdings, Inc.*, Case No. 23CA-CC00100 (filed May 11, 2023 in the Judicial Circuit Court of Cass County, MO). The individuals who are currently subject to a legal hold are as follows: [list omitted]. | | | regarding Defendant's determination pursuant to which Defendant will provide the names, titles and dates of employment of the two employees.<br><br>The record before the Court as to the twelve "custodians" Plaintiffs list in compromise is muddled. The issue may be largely addressed above, however this Order is **without prejudice** to Plaintiffs seeking further custodial information through additional means of discovery. |